## Worley v. Commonwealth.

(Decided November 1, 1927.)

### Appeal from McCreary Circuit Court.

Homicide.—Where defendant, convicted of homicide, sought a new trial on the ground of newly discovered evidence of threats made against him by the decedent on the day of the killing, held that the court properly refused to award a new trial on such ground, since reasonable diligence in discovering and introducing such evidence at the trial was not shown.

DUNCAN & BELL and W. H. CAYLOR for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant shot and killed John H. Cecil. Prior to the killing both worked in the mines of Stearns Coal & Lumber Company, and lived at Co-operative, a mining camp. The killing took place in the evening, after darkness had fallen. There had been no trouble between them until the morning of the day on which Cecil was killed. Both had children, and it was reported to appellant that his son and the son of Cecil had engaged in a fight, and that Cecil had encouraged the fight rather than to suppress it. This brought on angry words between Cecil and

appellant as they went to their work on the morning of the tragedy.

After the working day was over, appellant went to his home not far away, then to the bath house, then returned to his home, where he had supper, and after supper he took from its place on the wall where it hung his pistol, which he deposted in his right front pocket. He went to the store where several had gathered, among the number being Cecil. Nothing took place between them at that time. Appellant returned to his home and found no one there. He thought that a 4 year old child of his had probably gone to the place where the boys engaged in baseball, and he started out to look for him. He did not find him, but, as he approached the store, and while he was on the railroad track, he met Cecil. He fired several shots into the body of Cecil, who died then and there.

On his trial, appellant attempted to show that he acted in self-defense. He testified to facts which tended to show that Cecil was trying to cut him with a knife, and that he shot to save his life. Unhappily for him he is not supported in his contention by the evidence of those near enough to know what happened at and immediately preceding the killing.

Several grounds were mentioned in the motion for a new trial, but counsel for appellant admit the hopelessness of relying on any of the grounds mentioned in the motion for a new trial except that one based on newly discovered evidence.

The affidavit of Luther Parks was filed in support of the motion for a new trial. The substance of his affidavit is that he worked with Cecil on the day he was killed, and that Cecil did much talking about the angry words which passed between him and appellant on their way to work. Cecil made threats against appellant, according to the affidavit of Parks. No affidavit was filed by appellant, and there is nothing in the record which shows or tends to show why Parks was not introduced as a witness. A new trial should never be granted on the ground of newly discovered evidence unless reasonable diligence is shown on the part of the one desiring the evidence. The diligence must relate to the discovery of the evidence as well as procuring its introduction after it is discovered. No diligence whatever is shown on the part of appellant, and

he cannot avail himself of the ground that he had discovered new evidence after the trial.

The instructions are concise and accurate. In appropriate language they submit to the jury the whole law of the case. The rulings of the trial judge on the admission and rejection of evidence show that he had a clear knowledge of the nature and effect of the evidence tendered, and his rulings were correct.

Appellant had a trial entirely free from error, and the jury tempered its justice with mercy. He is without any legal reasons to complain of the judgment of conviction.

Judgment is affirmed.